ALICE M. WEEKS *vs.* INHABITANTS OF PARSONSFIELD.

York, 1875.—March 13, 1876.

*Way. New Trial.*

What obstructions or other inconveniences will render a highway defective, so as to make the town liable if an injury is thereby occasioned, is, to a considerable extent, a matter of opinion or judgment and one in relation to which persons of ordinarily good judgment are liable to differ. The same is true as to what constitutes due care. The court will not therefore assume that the jury have acted dishonestly or perversely, simply because they have come to a conclusion different from that to which the court would have come upon the same evidence.

To justify setting aside the verdict of a jury the court must feel that it is clearly, manifestly wrong.

ON MOTION.

CASE for injuries received from defective highway, August 31, 1873.

While the plaintiff was in the day time, in an open wagon attached to a single horse, driven by her daughter fifteen years of age, one of the wheels in descending a hill struck the point of a ledge projecting into the traveled highway. The plaintiff was thereby thrown from the wagon and her arm broken. There was evidence tending to show that there was sufficient room within the traveled way to have avoided the projecting rock. There was also evidence that the rock had been worn by the wheels of passing carriages.

The verdict was for the plaintiff for $500, which the defendants moved to have set aside as against law and evidence.

*G. C. Yeaton,* for the defendants.

"The town has done its duty when it has prepared a pathway of suitable width in such a manner that it can be conveniently and safely traveled with teams and carriages," but travelers may pass over remaining width of way "without being subjected to other or greater dangers than may be presented by natural obstacles." *Johnson* v. *Whitefield,* 18 Maine, 286, approved in *Savage* v. *Bangor,* 40 Maine, 176. *Dickey* v. *Maine Tel. Co.,* 46 Maine, 483. *Macomber* v. *Taunton,* 100 Mass, 255.

Was not this such a way? If not, can it be believed that this way was so dangerous, that ordinary care, in daylight, would not have proved a sufficient guaranty against injury to a traveler?

Such being the character of the alleged defect the burden of proving ordinary care on the part of plaintiff, which plaintiff must always bear, (*Butterfield* v. *Western Railroad,* 10 Allen, 532, *Gleason* v. *Bremen,* 50 Maine, 224,) is thereby largely increased; and if the "evidence is equally consistent with either care or negligence" she cannot recover. *Crafts* v. *Boston,* 109 Mass., 519.

*L. S. Moore, C. R. Ayer,* and *G. F. Clifford,* for the plaintiff.

WALTON, J. What obstructions or other inconveniences, will render a highway defective, so as to make the town liable, if an injury is thereby occasioned, is to a considerable extent a matter of opinion or judgment. And it is one in relation to which persons of ordinarily good judgment are liable to differ. The same is true as to what constitutes due care. The court must not therefore assume that the jury have acted dishonestly, or perversely, simply because they have come to a conclusion different from that to which the court would have come upon the same evidence. To justify setting aside the verdict of a jury, the court must feel that it is clearly, manifestly wrong. In this case our conclusion is, that the verdict is not so clearly, so manifestly wrong, either with respect to the alleged defect in the road, or the exercise of due care on the part of the plaintiff, as to justify us in setting it aside.                    *Motion overruled.*

                              *Judgment on the verdict.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.